Citation Nr: 1706047 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 09-27 635 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office in Cleveland, Ohio


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder.

2. Entitlement to service connection for weight gain.

3. Entitlement to service connection for coronary artery disease.

4. Entitlement to service connection for migraine headaches.

5. Entitlement to service connection for memory loss.

6. Entitlement to service connection for tinnitus.

7. Entitlement to service connection for bilateral lower extremity scarring.


REPRESENTATION

Appellant represented by: Disabled American Veterans
WITNESSES AT HEARING ON APPEAL

The Veteran and the Veteran's Son


ATTORNEY FOR THE BOARD

J. E. Miller, Associate Counsel


INTRODUCTION

The Veteran served in the U.S. Army from January 1977 to January 1980 and in the U.S. Marine Corps from May 1982 to June 1984.

This matter came before the Board of Veterans' Appeals (Board) on appeal from a May 2008 decision of the Cleveland, Ohio, Regional Office (RO) which denied service connection for major depressive disorder (claimed as anxiety), weight gain, coronary artery disease, memory loss, tinnitus, migraine headaches, and scarring of the left and right lower legs. In February 2016, the Veteran was afforded a videoconference hearing before the undersigned Veterans Law Judge. A hearing transcript was prepared and incorporated into the record. In May 2016, the Board remanded the appeal to the RO for additional action.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The May 2016 Board Remand directed the RO to obtain the Veteran's Social Security Administration (SSA) records. The July 2016 Supplemental Statement of the Case (SSOC) states that the SSA records were "reviewed and considered" in the readjudication of each of the Veteran's claims. The SSA records in the file, however, belong to an individual with a different name and social security number than that of the Veteran. Therefore, remand is necessary to obtain the correct SSA records and for readjudication. The RO's compliance with the Board's remand instructions is neither optional nor discretionary. Stegall v. West, 11 Vet. App. 268 (1998). 

Additionally, the Veteran's service personnel records have not been associated with his file; VA should obtain these records. 

Accordingly, the case is REMANDED for the following action:

1. Take the appropriate steps to address the misfiled SSA records that currently reside in the Veteran's file.

2. Contact the SSA and request that it provide documentation of the Veteran's award of disability benefits and copies of all records developed in association with the decision for incorporation into the record. 

3. Contact the National Personnel Records Center (NPRC) and/or the appropriate service entity and request that it forward all of the Veteran's available service personnel records.

4. Readjudicate the issues on appeal. If any benefit sought on appeal remains denied, the Veteran should be provided a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).